**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-27034-RAR**

**MARIO MANUEL LUCAS,**

Petitioner,

v.

**WARDEN, KROME NORTH**
**PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

**ORDER TRANSFERRING CASE**

**THIS CAUSE** comes before the Court on Petitioner Mario Manuel Lucas's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], filed on October 6, 2026 and Respondents' Response to the Court's Order to Show Cause ("Respondents' Response"), [ECF No. 5], filed on October 21, 2026. After careful review, the Court finds that this case must be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**BACKGROUND**

On October 6, 2026, Petitioner Mario Manuel Lucas filed a Petition for Writ of Habeas Corpus, [ECF No. 1], challenging his detention in the custody of Immigration and Customs Enforcement ("ICE"). *See generally* Pet. However, public records indicate that Petitioner is presently confined at the Glades County Detention Center at 1279 East Sr 78, Moore Haven, Florida 33471. *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement,

https://locator.ice.gov/odls/#/search (last visited Oct. 22, 2026) (A-Number: 235465087; Country of Birth: Guatemala).[1]

Accordingly, on October 7, 2026, the Court entered an Order to Show Cause, [ECF No. 3], directing the parties to show cause on or before October 21, 2026, as to whether an appropriate respondent resides in this District given Petitioner's location, and whether transfer of this case to the Middle District of Florida would be appropriate. *See* [ECF No. 3] at 3.

In Respondents' Response, Respondents request dismissal of the case for improper venue, or alternatively, transfer, and advise the Court that "[b]ecause Petitioner was never confined within the Southern District of Florida, this Court never had jurisdiction over the case; thus, there is no appropriate respondent within reach of the Court's process." *See* Respondents' Resp. at 2–3. Petitioner did not file a timely response to the Court's Order to Show Cause.

## ANALYSIS

Under the plain language of 28 U.S.C. § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). Accordingly, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition."); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020)

---

[1] *See Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111–12 (S.D. Fla. 2022) (recognizing "[s]everal district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination").

(recognizing that, "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld*, 542 U.S. at 443)).

Petitioner is presently confined at Glades County Detention Center—an immigration detention facility at 279 East Sr 78, Moore Haven, Florida 33471. *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/search (last visited Oct. 22, 2026) (A-Number: 235465087; Country of Birth: Guatemala); [ECF No. 5-1]. Glades County lies in the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b). Because Petitioner is confined there, "[a]ny other district court lacks jurisdiction" over the Petition. *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019) (citing *Fernandez*, 941 F.2d at 1495). This case is therefore due to be transferred to Petitioner's district of confinement. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought.").

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b). Upon transfer to the Middle District of Florida, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**